IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CANDICE TUTTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| | ) 1:23-CV-05421-ELR-CCB |
| v. | ) |
| | ) |
| TRIAGELOGIC, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO (1) DISMISS OR TRANSFER VENUE; OR IN THE ALTERNATIVE; (2) DISMISS STATE LAW CLAIMS WITH <u>PREJUDICE</u>**

i

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................iii-iv

PRELIMINARY STATEMENT .................................................................................1

FACTUAL BACKGROUND .......................................................................................1

ARGUMENT .................................................................................................................1

I.    This case should be transferred to the Southern District of Georgia rather than Dismissed...................................................................................................1
       A.  The Parties Agree that Transfer to the Southern District of Georgia would be Proper.......................................................................................2
       B.  Plaintiff would be Prejudiced by the Dismissal of the Instant Case ..........3
       C.  Transfer is Generally Preferred to Dismissal .............................................4

II.   Plaintiff's Claims under the Florida Civil Rights Act Should Not be Dismissed...................................................................................................4
       A.  Certain of Defendants' Acts of Discrimination occurred while Plaintiff was in Florida ...........................................................................................5

PRELIMINARY STATEMENT .................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page**

*Basaran v. Martin Data LLC*,
2021 WL 7908647 (N.D. Ga. Aug. 5, 2021)..............................................................4

*Berry v. Salter*,
179 F. Supp. 2d (M.D.Ala.2001)................................................................................4

*Berry v. United Merch. Asset Recovery of* WNY, LLC,
2022 WL 17541789 (N.D. Ga. Oct. 25, 2022).........................................................4

*Curry v. Gonzales*,
2006 WL 3191178 (N.D.Ga. October 31, 2006)......................................................3

*Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*,
669 F. Supp. 2d (S.D. Fla. 2009) ..........................................................................2,4

*LaFerney v. Citizens Bank of E. Tennessee*,
2011 WL 4625956 (S.D. Ga. Sept. 30, 2011).......................................................2,3

*Lyttle v. United States*,
2011 WL 13187170 (N.D. Ga. Oct. 6, 2011) ...........................................................2

*Pac. Solar Energy, S.A. de C.V. v. United States Dep't of the Treasury*,
2017 WL 6730069 (S.D. Fla. Dec. 29, 2017)...........................................................2

*Pritchett v. Paschall Truck Lines, Inc.*,
714 F. Supp. 2d (M.D. Ala. 2010).............................................................................3

*Richards v. Childers*,
2019 WL 12444529 (N.D. Ga. Oct. 24, 2019) .........................................................2

*Schultz v. Royal Caribbean Cruises, Ltd.*,
465 F. Supp. 3d (S.D. Fla. 2020)...............................................................................6

**Statutes and Other Authorities**

Fla. Stat. § 760.01(2)...................................................................................................5

FRCP § 12(b)(3) ................................................................................................. 2

FRCP § 1406 ..................................................................................................... 1

Plaintiff Candice Tuttle ("Plaintiff" or "Ms. Tuttle"), by and through her attorneys, hereby submits this memorandum of law in opposition to Defendant TriageLogic LLC's ("Defendant" or "TriageLogic") Motion to (1) Dismiss or Transfer Venue; or in the alternative; (2) dismiss state law claims with prejudice. Pursuant to Civil Local Rule 7.1(A)(1), the basis for Plaintiff's opposition to this Motion and the memorandum of legal authority in support of this motion follow in the Memorandum of Law immediately below.

## PRELIMINARY STATEMENT

In this Motion, Defendant seeks to dismiss the case based on an error in filing. Plaintiff does not oppose the transfer of this case to the Southern District of Georgia. Plaintiff does, however, oppose the Defendant's contention that dismissal of this action, in whole or in part, is inappropriate at this juncture.

## FACTUAL BACKGROUND

For a full description of Plaintiff's Claims, Plaintiff respectfully refers the Court to her Complaint ("Compl."). [Dkt. No. 1]

## ARGUMENT

### I. This Case should be Transferred to the Southern District of Georgia rather than Dismissed

FRCP § 1406 sets forth that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

1

been brought." "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'" *LaFerney v. Citizens Bank of E. Tennessee*, 2011 WL 4625956, at *1 (S.D. Ga. Sept. 30, 2011). "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district rather than dismiss them." *Richards v. Childers*, 2019 WL 12444529, at *2 (N.D. Ga. Oct. 24, 2019).

### A. The Parties Agree that Transfer to the Southern District of Georgia would be Proper

While styling their motion as a motion to dismiss pursuant to FRCP § 12(b)(3), Defendants have offered no compelling reason that this case should be dismissed rather than transferred. Defendant cites one case suggesting that transfer is proper where a *pro se* Plaintiff filed in the wrong district on error. However, this does not at all indicate that dismissal is warranted when a law firm, rather than a *pro se* Plaintiff made this error. Indeed, Courts in this Circuit have elected to transfer, rather than dismiss, where the Plaintiff is a corporation represented by counsel far larger and more sophisticated than the undersigned. *See, e.g. Pac. Solar Energy, S.A. de C.V. v. United States Dep't of the Treasury,* 2017 WL 6730069, at *5 (S.D. Fla. Dec. 29, 2017)*, Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009). As such, the parties are agreed that this action could have brought this action in the Southern District of Georgia, and that this Court should transfer it there. *Lyttle v. United States*, 2011 WL 13187170, at *2 (N.D. Ga.

Oct. 6, 2011). ("Here the parties agree that this action could have been brought in the Middle District of Georgia, Columbus Division.").

### B. Plaintiff would be Prejudiced by the Dismissal of the Instant Case

The instant case is an employment discrimination case, brought partially under Title VII of the Civil Rights Act. Plaintiff filed her claim with the EEOC on June 23, 2022. Compl. ¶ 11. She received a Right to Sue Letter from the EEOC on August 30, 2023. Compl. ¶ 11. She therefore had ninety days after August 30, 2023, in which to file her claims in federal court, which she did on November 27, 2023. Thus, if this Court dismisses her case, she will not have the opportunity to re-file it. "Generally, the court should transfer if dismissal would result in a statute of limitations barring the plaintiff from refiling her claim. *LaFerney v. Citizens Bank of E. Tennessee*, , 2011 WL 4625956, at *3 (S.D. Ga. Sept. 30, 2011), *see also Pritchett v. Paschall Truck Lines, Inc.,* 714 F. Supp. 2d 1171, 1175 (M.D. Ala. 2010)(transferring case where "[i]f the Court were to dismiss Plaintiff's case for improper venue, she would be time-barred from filing her claims in another, proper venue."), *see also Curry v. Gonzales*, 2006 WL 3191178, at *4 (N.D.Ga. October 31, 2006) ("If the Court were to dismiss Plaintiff's civil action for improper venue, Plaintiff's attempt to refile his civil action in a jurisdiction with proper venue would be time-barred because it would occur well after the 90 day filing requirement under Title VII. As a result, Plaintiff's civil action should be transferred.") (citations

3

omitted); *Berry v. Salter*, 179 F.Supp.2d 1345, 1350 (M.D.Ala.2001) (finding that transfer of the case pursuant to either § 1404 or § 1406 to the district with venue was in the interest of justice due to fact the statute of limitations had otherwise run on the plaintiff's claims).

### C. Transfer is Generally Preferred to Dismissal

It is the normal practice of courts in this Circuit to transfer, rather than dismissing, cases due to venue concerns. *Basaran v. Martin Data LLC*, 2021 WL 7908647, at *11 (N.D. Ga. Aug. 5, 2021), report and recommendation adopted, No. 1:20-CV-3731-CC, 2021 WL 7908642 (N.D. Ga. Aug. 24, 2021)("[t]he Court finds no reason to deviate from the normal practice of courts in this Circuit of transferring, as opposed to dismissing."), *see also Berry v. United Merch. Asset Recovery of WNY, LLC*, 2022 WL 17541789, at *2 (N.D. Ga. Oct. 25, 2022), report and recommendation adopted, 2022 WL 17732321 (N.D. Ga. Nov. 9, 2022); *Hemispherx,* 669 F. Supp. 2d 1353 at 1359. There are no countervailing considerations, and thus this Court should transfer it to the Southern District of Georgia.

### II. Plaintiff's Claims under the Florida Civil Rights Act Should Not be Dismissed

Defendants aver that because the Plaintiff worked remotely from her home in Georgia and is not a citizen or resident of the state of Florida, the Florida Civil Rights Act should be dismissed. However, the Florida Civil Rights Act ("FCRA") is not

limited to protecting *citizens* of Florida. On the contrary, the plain language of the statute indicates that it is intended "secure for all *individuals* within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby preserve their interest in personal dignity ... and to promote the interests, rights, and privileges of individuals within the state." Fla. Stat. § 760.01(2) (emphasis added.) Defendant further contends that since the Plaintiff only went to Florida once in the course of her job, she was not an "individual within the state" within the meaning of the FCRA.

### A. Certain of Defendants' Acts of Discrimination occurred while Plaintiff was in Florida

As set forth in the Complaint, the Plaintiff attended an in-person meeting in Florida on or about January 21, 2022. Compl. ¶ 40. In the course of this meeting, Defendants committed multiple discriminatory acts which could give rise to liability under the FCRA. Owner Ravi Raheja asked her inappropriate questions about her medical conditions and pregnancy after observing her take an insulin shot before a work lunch. Compl. ¶ 43-51. Owner Charu Raheja asked her invasive questions about her living situation – aimed at discovering if she was cohabitating with the father of her child, at this same lunch, in the state of Florida. Compl. ¶ 49-51. Moreover, Plaintiff's employment with Triagelogic lasted only from December of 2021 until March of 2022 due to the Defendants' discrimination. Key events giving rise to Plaintiff's claims, without which her ultimate discriminatory termination

5

occurred while Plaintiff was, however temporarily, an individual within the State of Florida.[1] The instant case is thus more akin to *Schultz v. Royal Caribbean Cruises, Ltd.*, where the court determined that the FCRA applied to a citizen of Wisconsin when acts of discrimination occurred within the State of Florida – even though certain other events took place in other states. 465 F. Supp. 3d 1232 (S.D. Fla. 2020)

## CONCLUSION

For the reasons set forth above, Plaintiff requests that this Court reject Defendants' Motion to Dismiss in its entirety.

Respectfully submitted this 22nd day of April 2024.

                                              **GODDARD LAW PLLC**

                                              */s/ Megan S. Goddard*
Megan S. Goddard, Esq.
[*Pro Hac Vice*]
39 Broadway, Suite 1540
New York, NY 10006
Telephone: (646) 964-1178
Facsimile: (212) 208-2914
Email: Megan@goddardlawnyc.com

*Attorneys for Plaintiff*
*Candice Tuttle*

---

[1] Furthermore, it is foreseeable that Plaintiff, an individual living and working an approximately two-hour drive from Defendants' Jacksonville, FL offices, might have continued to attend in-person work meetings within the state of Florida had Defendants not discriminatorily terminated her employment four months after it had begun.

## RULE 7.1.D CERTIFICATE

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

>*/s/ Megan S. Goddard*
>Megan S. Goddard, Esq.
>[*Pro Hac Vice*]